IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ANDRE WHITFIELD,**

    Plaintiff,

v.                                                                                               Civil Action No. **3:12CV481**

**CHUCK ROSENBERG,**

    Defendant.

## REPORT AND RECOMMENDATION

Andre Whitfield, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens* action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343.

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In assessing whether a claim is legally or factually frivolous, the Court may review its own records. *See id.* at 427-28.

The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the

plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations

Whitfield alleges:

> On or about March 6, 2008, the Plaintiff was sentenced to one hundred and ninety-two months of imprisonment because when the Plaintiff was found guilty of all six counts of the Indictment, the Plaintiff failed to satisfy the money penalty fine before sentencing in case No. 3:07-cr-00300-001.
> Under current sentencing law, the courts may not fine a defendant and impose an alternative sentence (such as a requirement that he or she go to prison) that will take effect in the event that the fine is not paid. (18 U.S.C. § 3572(e))[.]
> On or about January 2012, the Plaintiff became aware that the Judgment monetary penalty fine in Case No. 3:07-cr-00300-001 has been satisfied.

(Compl. ¶¶ 6–7 (internal paragraph numbers omitted).)[2] Whitfield contends that his constitutional rights have been violated because he remains incarcerated, even though he has paid the fine in his criminal case. (*Id.* ¶¶ 9-12.) Whitfield names Chuck Rosenberg, the former United States Attorney for the Eastern District of Virginia, as the sole defendant (*id.* ¶ 4), and demands monetary damages and declaratory relief. (*Id.* ¶¶ 12-14.) As explained below, the action is legally and factually frivolous.

---

[2] The Court has corrected the capitalization in the quotations to Whitfield's Complaint.

3

## Analysis

Whitfield cites 18 U.S.C. § 3572(e) for the proposition that the Court cannot impose a fine and impose an alternative sentence in the event that the defendant fails to pay the fine. (*Id.* ¶ 7.) That statute provides: "**Alternative sentence precluded.**--At the time a defendant is sentenced to pay a fine, the court may not impose an alternative sentence to be carried out if the fine is not paid." 18 U.S.C. § 3572(e). Whitfield's sentence in his criminal case fails to run afoul of the above prohibition.

On March 6, 2008, the Court entered Whitfield's Judgment in a Criminal Case ("Judgment"). Judgment at 1, *United States v. Whitfield*, No. 3:07CR300-HEH-1 (E.D. Va. filed Mar. 6, 2008). The Court committed Whitfield "to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED NINETY-TWO (192) MONTHS." (*Id.* at 3.) Contrary to Whitfield's allegations, the record reflects, "No fines have been imposed in this case." (*Id.* at 6.) Moreover, review of the Court records reflects that Whitfield has paid no fine associated with the Judgment described above. Because Whitfield fails to plausibly articulate any violation of his rights, it is RECOMMENDED that the action be dismissed as legally and factually frivolous and for failure to state a claim. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

Whitfield is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate

Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims. *See* Fed. R. Civ. P. 72(b)(2). It may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Whitfield.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 7/24/13
Richmond, Virginia