IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANDRE WHITFIELD,

    Plaintiff,

v.      Civil Action No. 3:12CV481–HEH

CHUCK ROSENBERG,

    Defendant.

**MEMORANDUM OPINION**
(Dismissing Civil Action With Prejudice)

Andre Whitfield, a federal inmate proceeding *pro se* and *in forma pauperis*, filed this *Bivens* action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

**Preliminary Review**

> Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). In assessing whether a claim is legally or factually frivolous, the Court may review its own records. *See id.* at 427-28.
>
> The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations

Whitfield alleges:

> On or about March 6, 2008, the Plaintiff was sentenced to one hundred and ninety-two months of imprisonment because when the Plaintiff was found guilty of all six counts of the Indictment, the Plaintiff failed to satisfy the money penalty fine before sentencing in case No. 3:07-cr-00300-001.
> Under current sentencing law, the courts may not fine a defendant and impose an alternative sentence (such as a requirement that he or she go to prison) that will take effect in the event that the fine is not paid. (18 U.S.C. § 3572(e))[.]
> On or about January 2012, the Plaintiff became aware that the Judgment monetary penalty fine in Case No. 3:07-cr-00300-001 has been satisfied.

(Compl. ¶¶ 6–7 (internal paragraph numbers omitted).)[2] Whitfield contends that his constitutional rights have been violated because he remains incarcerated, even though he has paid the fine in his criminal case. (*Id.* ¶¶ 9-12.) Whitfield names Chuck Rosenberg, the former United States Attorney for the Eastern District of Virginia, as the sole defendant (*id.* ¶ 4), and demands monetary damages and declaratory relief. (*Id.* ¶¶ 12-14.) As explained below, the action is legally and factually frivolous.

## Analysis

Whitfield cites 18 U.S.C. § 3572(e) for the proposition that the Court cannot impose a fine and impose an alternative sentence in the event that the defendant fails to pay the fine. (*Id.* ¶ 7.) That statute provides: "**Alternative sentence precluded.**--At the time a defendant is sentenced to pay a fine, the court may not impose an alternative sentence to be carried out if the fine is not paid." 18 U.S.C. § 3572(e). Whitfield's sentence in his criminal case fails to run afoul of the above prohibition.

On March 6, 2008, the Court entered Whitfield's Judgment in a Criminal Case ("Judgment"). Judgment at 1, *United States v. Whitfield*, No. 3:07CR300-HEH-1 (E.D. Va. filed Mar. 6, 2008). The Court committed Whitfield "to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED NINETY-TWO (192) MONTHS." (*Id.* at 3.) Contrary to Whitfield's allegations, the record reflects, "No fines have been imposed in this case." (*Id.* at 6.)

---

[2] The Court has corrected the capitalization in the quotations to Whitfield's Complaint.

3

Moreover, review of the Court records reflects that Whitfield has paid no fine associated with the Judgment described above. Because Whitfield fails to plausibly articulate any violation of his rights, it is RECOMMENDED that the action be dismissed as legally and factually frivolous and for failure to state a claim. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

(Report and Recommendation entered July 24, 2013) (alterations in original).

The Court advised Whitfield that he could file objections within fourteen (14) days after the entry of the Report and Recommendation. More than fourteen (14) have elapsed and Whitfield has not responded.

## II.   STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

4

## III. CONCLUSION

There being no objections, the Report and Recommendation will be accepted and adopted. The action will be dismissed. Whitfield's Motion to Request Service by the Marshal (ECF No. 12) will be denied. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate order will accompany this Memorandum Opinion.

                                                 /s/
                                 HENRY E. HUDSON
Date: Aug 26, 2013           UNITED STATES DISTRICT JUDGE
Richmond, Virginia